HERMAN HAGENS, PLAINTIFF-APPELLEE, v. WEST ENGLE-
WOOD LUMBER COMPANY, DEFENDANT-APPELLANT.

Submitted May 13, 1927—Decided August 26, 1927.

Negligence—Runaway Horse—Injury to Show Window—It was
not Error to Allow Plaintiff to Refresh His Memory From
Memoranda Made Some Time After the Accident—Its Intro-
duction was Within the Discretion of the Trial Judge—It
was Not Error to Permit Proof of Loss of Certain Articles
on the Ground That it was Not the Proximate and Natural
Result of the Accident—It was Error to Instruct That "This
is an Unusual Occurence and it is for the Defendant to Ex-
plain to Your Satisfaction That the Defendant or His Servant
was Not Guilty of Negligence in the Manner in Which These
Horses Were Handled—Other Grounds of Reversal Consid-
ered, but Judgment Reversed on Above Ground.

On appeal from the Bergen County District Court, Third
Judicial District.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, M. Harold Higgins.

For the appellee, no brief.

PER CURIAM.

A team of horses of appellant ran away, left the roadway
of the street, coming upon and over the curb and sidewalk,
and plunged into the show window of the jewelry store of the
appellee, who brought suit to recover the loss of and damage
to his goods. The action was tried before a jury, resulting
in a verdict of $375, and from the judgment entered thereon
this appeal is taken.

Several grounds for reversal are urged.

1. Because the trial court erroneously permitted the plain-
tiff below to refresh his recollection as to the goods damaged
and lost from a memorandum made by him some time after
the happening.

This is much a matter of discretion to be exercised by the
trial judge. Myers v. Weger, 62 N. J. L. 432; More-Jones

*Glass Co.* v. *West Jersey, &c., Railroad Co.,* 76 *Id.* 708; *Jones Ev.* (1st ed.), § 882.

We think that under the facts and circumstances present in this case there was no error in permitting the use of such memorandum.

2. That it was error to permit proof of loss of certain articles, particularly a diamond, upon the ground that it was not the natural and proximate result to be anticipated even if appellant's servant was negligent.

The contention of appellant is that after the happening the appellee permitted a young girl or some children to sweep up and remove the broken glass of the show window from the sidewalk in front of the store, and that it is arguable that the diamond was lost in this manner.

Now, an intervening cause is the act of an independent agency which destroys the causal connection between the negligent act of the defendant and the wrongful injury, the dependent act being the *immediate* cause, in which case damages are not recoverable because the original wrongful act is not the proximate cause. *Davenport* v. *McClellan,* 88 *N. J. L.* 653.

Applying this rule, we think the trial judge was not in error under the facts in the case.

3. Because the testimony of appellee's wife as to the cause of the happening was hearsay.

Whether this be so or not, appellant cannot complain here, because the questions upon direct examination were not objected to nor was there a motion to strike out, and some of this class of testimony was elicited upon cross-examination by appellant's attorney.

4 and 5. Error in refusal to nonsuit and direct a verdict in favor of appellant because there was no evidence of negligence.

That there was no negligence cannot be said to be so. Whether the rule of *res ipsa loquitur* applies or not is beside the question. A team of horses running along a highway uncontrolled and coming upon the sidewalk of such highway and into the show window of appellee's store certainly, rea-

sonably, raised a presumption of negligence calling for explanatory evidence by the appellant and presenting a jury question.

6. The trial court erred in charging the jury—"The happening of this accident is evidence of negligence on the part of the defendant."

We do not think this was error warranting a reversal, although the trial court might have employed more appropriate language and instructed the jury that under the circumstances of the case the happening raised a presumption of negligence calling for an explanation.

7. That the trial court erred in charging the jury—"This is an unusual occurrence, and it is for the defendant to explain to your satisfaction that the defendant or its servant was not guilty of negligence in the manner in which these horses were handled."

The instruction that "it is for the defendant to explain to your satisfaction that the defendant or its servant was not guilty of negligence" was erroneous, as it placed upon the defendant the burden of exculpating itself, and this is not the rule even where the doctrine of *res ipsa loquitur* applies. *Hughes* v. *Atlantic City, &c., Railroad Co.*, 85 *N. J. L.* 212.

This requires a reversal of the judgment.

8. Error in the refusal of the trial court to charge fourteen requests presented by appellant.

We have only examined one of these requests because the error raised under point seven, alone, requires a reversal, and this one request is closely connected with the matter urged under that point.

This request to charge was—"The jury must be satisfied by the greater weight of the testimony that the company was negligent, or the verdict must be for the defendant."

This correctly presented the rule as to the burden of proof. An examination of the charge of the court will disclose that nowhere therein did the trial court charge as to such burden except as it erroneously charged in the portion attacked by the seventh ground of reversal, which was erroneous.

The judgment under review must therefore be reversed, with costs.